UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X,
RUBEN CANINI,                                    :
                                                 :
            Petitioner,                          :
                                                 :
    - against -                                  :
                                                 :
THE UNITED STATES OF AMERICA,                    :
                                                 :
            Respondent.                          :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 12, 2012

04 Cr. 283, 10 Civ. 4002 (PAC)
OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On May 14, 2010, Ruben Canini ("Canini") filed a 28 U.S.C. § 2255 petition to vacate his sentence, claiming ineffective assistance of counsel.

On June 15, 2006, a jury found Canini guilty on all three counts of an indictment charging him, under Count One, with conspiracy to distribute one kilogram of heroin and, under Counts Two and Three, with distributing and possessing with intent to distribute heroin on September 29, 2003 and October 2, 2003, respectively. After trial, Canini moved for a judgment of acquittal, pursuant to Fed. R. Crim. P. 29(c), and for a new trial, pursuant to Fed. R. Crim. P. Rule 33. The Court denied Canini's motions and sentenced him to 240 months' incarceration. Canini appealed and, on January 22, 2009, the Second Circuit affirmed Canini's conviction.

Canini's petition to vacate his sentence or his claim that defense counsel provided constitutionally ineffective assistance is DENIED.

## BACKGROUND

On May 11, 2004, Canini was indicted for conspiring to distribute heroin, in violation of Title 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846. (See May 11, 2004 Indictment.) In 2005, Canini was tried on this count before Judge Barbara Jones, but the jury did not reach a

verdict.  (See Sept. 19, 2005 Declaration of Mistrial.)  After trial, Canini's counsel was relieved and Robert Krakow ("defense counsel"), a CJA attorney, was appointed.  (Jan. 3, 2006 Order.)  On February 16, 2006, the Government filed a superseding indictment against Canini adding two counts of distributing, and possessing with the intent to distribute, unspecified quantities of heroin on September 29, 2003 and October 2, 2003, in violation of Title 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C).  (See Feb. 16, 2006 Indictment.)

**A. Canini's Retrial**

On June 12, 2006, a trial commenced on the charges raised in the superseding indictment.  During the trial, the Government called as witnesses two members of the Vyse Avenue drug conspiracy who testified pursuant to cooperation agreements and three police officers who were involved in the investigation of the case.  The two members of the conspiracy, Virella and Benitez, had not testified at the first trial.  Canini's defense was not that he did not sell heroin, but rather the heroin he sold was not part of the Vyse Avenue conspiracy alleged in the indictment.  Defense counsel called only one witness, Michael Green ("Green"), who testified that Canini sold an alternative brand of heroin called "50 Cent," and that he did not believe Canini sold drugs for Virella's Vyse Avenue drug organization.  (See June 15, 2006 Tr. 380-88.)  The trial record reflects that the defense counsel contemplated calling Alberto Rosario, Anthony Miranda, Angel Ortiz, and Edwin Suavez as witnesses, but decided against calling these individuals due to the likelihood that they would assert their Fifth Amendment privilege or otherwise would not provide helpful testimony.  (See id. 366-372.)  Defense counsel also attempted to call Carlos Colon to testify, but provided the Court with insufficient notice to secure his presence.  (See id. 309.)  Finally, defense counsel contemplated calling George Gortija to testify, though it is unclear why Mr. Gortija was not ultimately called.

The jury deliberated for less than two hours before it returned a guilty verdict on all three counts. (See id. 485, 493-96.)

**B. Post-Trial Motions and Appeal**

On July 26, 2006, this Court held a conference on defense counsel's motion to be relieved as counsel of record. (See July 26, 2006 Tr. 3) During this conference, this Court noted that it believed that defense counsel "did a competent job of representing Mr. Canini – more than competent, as a matter of fact." (Id. 5; see also id. 7.) This Court denied defense counsel's motion to be relieved because current defense counsel was in the best position to handle post trial motions. The Court agreed, however, to appoint new counsel for sentencing. (See id. 7-8.)

On or about August 24, 2006, Canini, through defense counsel, moved for a judgment of acquittal, pursuant to Fed. R. Crim. P. 29(c), and for a new trial, pursuant to Fed. R. Crim. P. 33, with respect to Counts One and Three. There was no challenged to Count Two of the indictment. On October 23, 2006, defense counsel was relieved and Dawn M. Cardi, a CJA attorney, was appointed as counsel. (Oct. 23, 2006 Order.) Mrs. Cardi was given the opportunity to file any supplemental materials in support of the post-trial motions. This Court found that there was sufficient evidence for a rational jury to convict Canini on Counts One and Three and therefore denied Canini's motion in all respects. (See Dec. 6, 2006 Order.)

On July 17, 2007, this Court sentenced Canini to 240 months' imprisonment on all three counts, to run concurrently, which was well below Canini's guidelines range of 292-365 months' imprisonment. (July 20, 2007 Criminal Judgment; Feb. 28, 2007 Presentence Investigation Report ("PSR") 25.)

On July 27, 2007, Canini appealed his conviction. On January 22, 2009, the Second Circuit affirmed his conviction and this Court's rulings. United States v. Canini, 307 F. App'x 557, 2009 WL 141863 (2d Cir. Jan. 22, 2009). Canini now seeking habeas relief under Title 28 U.S.C. § 2255.

## DISCUSSION

28 U.S.C. § 2255(a) provides, in relevant part, that a prisoner:

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Canini's petition for relief under § 2255 faces a heavy burden, as "a collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (citation omitted).

To prevail on his ineffective assistance of counsel claims, Canini must show "(1) that counsel made errors so serious that defendant was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense." Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984)). As to the first factor, a court must adopt the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. A petitioner will prevail on this point only if, "despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process . . . ." Id. at 696. Under the second factor, a petitioner must show that "there is a reasonable probability that but for counsel's unprofessional errors, the

4

result . . . would have been different." Id. at 692.  To warrant a hearing on an ineffective assistance of counsel claim, the petitioner must establish that he has "a plausible claim of ineffective assistance of counsel."  Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

Canini asserts that he received ineffective assistance of counsel because defense counsel failed to (1) object to the jury's receipt of all of the Government's witnesses' testimony; (2) interview potential defense witnesses and secure their testimony at trial; (3) seek a plea bargain; (4) argue that Count Three was barred by Double Jeopardy; (5) argue that the evidence was insufficient to convict him on Count Three; (6) challenge his sentencing guidelines calculation; and (7) object to the Court's jury charge as to Count One.[1]

### A. The Jury's Review of Testimony

Canini argues that defense counsel was constitutionally ineffective by not objecting (1) when the Court provided the jury with all of the Government's witnesses' testimony before the whole record was ready, and (2) when the deputy delivered this testimony to the jury outside of Canini's presence.

On June 15, 2006 at 4:55 p.m., the jury sent a note requesting information and "transcripts of testimony."  (See Ct. Ex. 6.)  The Court waited until Mr. Canini was present in the courtroom.  The Court then advised the jury that it would take some time to clean all the trial transcripts of non-testimonial portions and asked if there was any specific testimony that the jury sought.  (See June 15, 2006 Tr. 490-491.)  The jury specified that it was "interested in the testimony of Mr. Benitez."  (Id. at 490.)  This testimony, consisting of 40 pages, was reviewed by the parties and sent into the jury room.  (Id. at 491-93.)  Canini does not argue that the Court

---

[1] While Canini does not always allege that counsel was ineffective as to each ground for relief, the Court construes the petition broadly and addresses both the effectiveness of counsel and, where appropriate, the underlying merits of Canini's claims.  In doing so, the Court will address Canini's argument that defense counsel was ineffective in failing to interview and call potential defense witnesses, with his argument that the Court erred in recommending that Canini give his defense counsel a chance.

5

erred in asking the jury if it sought any specific testimony. It was proper for the Court to do so. See Cottrell v. New York, 259 F.Supp.2d 300, 304 (S.D.N.Y. 2003).

After the Benitez testimony was sent into the jury room, counsel gathered up the remaining items of testimony and exhibits the jury had requested. Defense counsel stated: "Your Honor, I appreciate you calling him up. I did discuss this with him, and he had no problem with them going in." (June 15, 2006 Tr. 494.) While Canini was being brought back to the Courtroom, the marshal delivered the requested materials as Exhibits 8-13 to the jury. (Id. at 493-94.)

In United States v. Collins, No. 10-1048 (Jan. 9, 2012), the Second Circuit held that a defendant's right to be present at every stage of the trial was violated when a court failed to disclose the contents of a juror note and conducted an ex parte colloquy with a juror. Collins is easily distinguishable. Here, Canini was present for at every relevant point—he was notified of the jury note, he discussed the jury's requests with counsel, he heard counsel's discussion with the Court on this issue, he was present when the Court advised the jury about the transcripts, and he heard how the jury responded. (June 15, 2006 Tr. 489-93.) While Canini argues that it was error to provide the jury with this testimony outside of his presence, he cannot deny that he knew of the note and the Court's intention to comply with the jury request. "[D]ue process is not violated where a court provides transcripts of testimony to the jury outside of the defendant's presence during jury deliberations." Monroe v. Kuhlman, 433 F.3d 236, 247 (2d Cir. 2006).

Canini also argues that defense counsel should have objected to the jury's receipt of this testimony before the defense testimony was ready, given that the jury presumably sought "all" of the testimony.[2] Immediately upon the courtroom deputy's delivering these exhibits to the jury,

---

[2] The defense's only witness had testified that same morning and therefore it took longer to print and review the defense testimony.

the Court announced that the jury had reached a verdict.  (Id.)  In light of the timing—simultaneous with the delivery of the remainder of the Government's witnesses' testimony the jury announced it had reached a verdict—it is clear that the jury did not rely on any review of these materials in reaching a verdict.  Passing for a moment that Canini knew that these materials had been requested and consented to their delivery to the jury, Canini cannot show that but for defense counsel's failure to object to the jury's receipt of the remainder of the Government's witnesses' testimony that the trial results would have been different.  Since Canini cannot show prejudice, his ineffective assistance of counsel claim fails.

**B.  Defense Counsel's Failure to Call Potential Witnesses**

Canini asserts that defense counsel's failure to investigate, interview, and call seven potential witnesses amounted to ineffective assistance.  Canini asserts that these seven witnesses—Carlos Colon, Alberto Rosario, Anthony Miranda, Angel Ortiz, Edwin Suavez, George Gortija, and Reinaldo Torres—each would have corroborated Green's testimony that Canini was selling alterative brand of heroin and was not a member of the conspiracy.

An attorney's decision "whether to call specific witnesses-even ones that might offer exculpatory evidence-is ordinarily not viewed as a lapse in professional representation." United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000).  Rather, "[t]he decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial," United States v. Smith, 198 F.3d 377, 386 (2d Cir. 1999), and will not form the basis of an ineffective assistance claim unless "made unreasonably." Mesterino v. United States, No. 96 Civ. 2114, 1997 WL 528047, at *6 (S.D.N.Y. Aug. 27, 1997).

The record reflects that defense counsel knew about and initially contemplated calling six of these witnesses (excluding Torres) at trial. (See e.g., June 12, 2006 Tr. 5; June 15, 2006 Tr. 366- 373.) Defense counsel made an effort to call Colon as a witness shortly after learning that he may provide favorable testimony, but ultimately there was insufficient time to have Colon's presence at trial secured. (See June 13, 2006 Tr. 304-05; June 15, 2006 Tr. 367.) Defense counsel decided not to call Rosario after communicating with Mr. Rosario's attorney and his fiancée. (June 15, 2006 Tr. 366.) Defense counsel decided not to call Miranda after learning, from his counsel, that Miranda would assert his Fifth Amendment privilege. (Id.) Defense counsel decided not to call Ortiz, after Ortiz indicated that he wished to speak with his attorney, and his attorney's office told defense counsel that Ortiz would likely assert his Fifth Amendment privilege. (Id. 367.) Defense counsel decided not to call Suavez after communicating with Suavez's counsel, who indicated that Suavez would not be willing to testify and may assert his Fifth Amendment privilege. (Id. 367-38.) It is unclear why defense counsel did not call Gortija.

Despite Canini's arguments to the contrary, it is a reasonable trial strategy to not call a witness who will assert his Fifth Amendment privilege. See Greiner v. Wells, 417 F.3d 305, 323 & n.24 (2d Cir. 2005); Mesterino, 1997 WL 528047, at *6. While Canini provides letters from Miranda and Ortiz indicating that they would testify on Canini's behalf, both of these letters were written in or around 2005, and thus pre-date their 2006 representations, through counsel, that they would assert their Fifth Amendment privilege if called to testify.[3] Since Miranda, Ortiz, and Suavez all indicated, themselves or through counsel, that they intended to assert their

---

[3] While Miranda's letter is undated, it is addressed to the Honorable Barbara S. Jones, suggesting that it was written around the time of Canini's first trial, which concluded on September 19, 2005. (Canini Br. Ex. B2.) Ortiz's letter is dated September 20, 2005. (See Canini Ex. C) Moreover, Ortiz's 2005 letter suggests that Ortiz would provide incriminating testimony that he has "seen Ruben Canini [sic] selling for Victor" (Virella)—in other words, selling for the conspiracy at issue. (See Gov't Opp., Ex. A (translation of Ortiz's letter).)

Fifth Amendment privilege at Canini's 2006 trial, Canini's ineffective assistance of counsel arguments with respect to these three individuals fails.

Similarly, Canini has not provided any affidavits, evidence, or other reason for the Court to find that Colon, Rosario, or Gortija, if called to testify: (1) would provide relevant, credible testimony that would have overcome any potentially damaging cross-examination, and (2) would not have asserted their Fifth Amendment privilege. See United States v. Romero, No. 91 Cr. 581, 1993 WL 485677, at *9 (S.D.N.Y. Nov. 22, 1993) (holding that defendant had not shown he was prejudiced by counsel's failure to call witnesses where there was no reason to find that the uncalled witnesses' testimony would have substantially undercut the credible government witnesses' testimony and there was reason to believe that the witnesses would have been subjected to damaging cross-examination). Accordingly, Canini has not overcome the presumption that defense counsel's decision not to call Colon, Rosario or Gortija was a reasonable trial decision, or shown that Canini was prejudiced by this decision. Canini's ineffective assistance of counsel claim with respect to these three witnesses thus fails.

Canini does provide a sworn affidavit from Torres stating that defense counsel never asked Torres to testify and that Torres would have been willing to testify that Canini sold an alternative product of heroin, "50 Cent", and was not a member of the conspiracy. (See Canini Reply Attach.) Canini's references to Torres, however, are raised for the first time in his reply brief. Courts "generally do not consider issues raised in a reply brief for the first time because . . . [the opposing side] may not have an adequate opportunity to respond to it." United States v. Pepin, 514 F.3d 193, 203 n.13 (2d Cir. 2008) (quoting In re Harris, 464 F.3d 263, 268-69 n. 3 (2d Cir.2006)). Moreover, Canini does not argue, and the trial record does not show, that that Canini ever told defense counsel about Torres before or during trial. The record reflects that defense

9

counsel investigated and analyzed the benefits and drawbacks of calling the six known witnesses, see supra; and the law "presume[es] that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Accordingly, the Court finds that defense counsel was not constitutionally insufficient in failing to call a witness that he likely did not know of.

Finally, based on the one witness who testified, it cannot be said that Canini was prejudiced by defense counsel's failure to call seven other witnesses who would testify as Green did that Canini was a heroin dealer who sold drugs on Vyse Avenue. (E.g., June 15, 2006 Tr. 385.)

   1. Canini's Prior Requests Concerning Defense Counsel

On January 3, 2006, after his first trial, Canini sought new counsel and Mr. Krakow was appointed. In February 2006, Canini then complained that Mr. Krakow was not adequately preparing for trial due to the fact that he (1) was sick for a couple of weeks; and (2) had obligations to other clients. (See Canini Br. 45). The Court encouraged Canini to give defense counsel an opportunity. In June 2006, Canini proceeded to trial, with Mr. Krakow as his attorney. In July 2006, after being found guilty on all three counts, Canini again sought new counsel. Canini now argues that it is now clear that defense counsel did not adequately prepare for trial and thus the Court erred in encouraging Canini to give defense counsel a chance. This argument is without merit.

Canini's suggestion that defense counsel was constitutionally insufficient because he has other clients or was sick for a short period of time months before trial is preposterous. As this Court noted shortly after trial, defense counsel's performance at trial was "more than competent." (July 26, 2006 Tr. 5.) Moreover, for the reasons above, the Court finds that defense

counsel's conduct with respect to preparing for trial and calling defense witnesses did not prejudice Canini, and was reasonable. Canini appears to assume because he had a hung jury in the first case, anything other than that result (or better) is incompetence. The Government's case against Canini was much stronger in the second trial. It knew of Canini's defense (yes, I am a drug dealer but I am not a member of the Vyse Avenue conspiracy), and had called two Vyse Avenue drug dealers to testify that Canini was part of the alleged drug conspiracy.

**C. Defense Counsel's Decision to Forgo a Plea Agreement**

Canini asserts that defense counsel was ineffective in failing to pursue a plea agreement that Canini proposed five days before trial, whereby Canini would "enter a plea to [C]ount [T]wo to s[a]tisfy the case." (See Canini Ex. B.) This argument is ridiculous. There is no reason for the Government to take such a plea. Besides, Canini's citations deal with pleas and proposals by the Government where defense counsel fails to either report it to the defendant or advise the defendant on the proposed agreement.

"Whether or not to open discussions with the government about a plea of guilty is a strategic decision ordinarily not second-guessed by a reviewing court." Castronova v. United States, No. 97 Civ. 3781, 2000 WL 222859 at *4 (S.D.N.Y. Feb. 10, 2000). Omissions by defense counsel that "might be considered sound trial strategy" do not constitute ineffective assistance. Mason v. Scully, 16 F.3d 38, 42 (2d Cir. 1994) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). Canini does not know whether his counsel pursued a plea that was rejected by the government, or failed to do so. (See Canini Br. 25-27 & n.*.) Therefore, Canini has not shown that defense counsel's actions were unreasonable.

Moreover, even if Canini could prove that defense counsel's performance was objectively unreasonable, he cannot prove prejudice. Canini cannot show "there is a reasonable probability

11

that but for counsel's unprofessional errors, the result . . . would have been different." Strickland, 466 U.S. at 692.  The Government argues that such a plea, to only Count Two, which carried no mandatory minimum, would have been "futile" and "may have undermined defense counsel's credibility or strategy" in light of the strong evidence the Government had on Count One, which carried a 20-year minimum, and the Department of Justice policy to charge and pursue the most serious, readily provable offense.  (Gov't Opp.19-20.)  In light of the Government's strong case on Count One, Canini's proposal was a non starter.  See Castronova, 2000 WL 222859 at *4 (finding petitioner failed to allege prejudice because "the strength of the government's case" against defendant "made it unlikely that he could have bargained for a lesser sentence").

**D.  Double Jeopardy**

Canini argues that he could not be convicted on Count Three because he previously pled guilty to heroin possession in New York State court based on the same offense.  This double jeopardy argument is meritless, however, because the State of New York and the United States of America are two separate sovereigns and may prosecute an individual separately for the same offense or offenses involving overlapping elements. See Abbate v. United States, 359 U.S. 187, 194 (1959); United States v. Davis, 906 F.2d 829, 832 (2d Cir. 1990).  Accordingly, defense counsel was not ineffective in failing to raise an unsuccessful double jeopardy argument.

**E. Sufficiency of the Evidence**

Canini challenges the sufficiency of the evidence on Count Three and claims that defense counsel's characterization of the evidence in his Rule 29 motion amounted to ineffective assistance.

Canini cannot relitigate the sufficiency of the evidence through this petition. "It is well established that a §2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." See United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001). Only "where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal" could relitigation of the issues be permitted. (Id. at 83.) Canini's arguments here are nearly identical to his arguments on appeal. The Second Circuit rejected them, finding the evidence sufficient to sustain Count Three. (Compare Canini Br. 34-39 with Canini's Dec. 10, 2007 Appellate Br. at 2-3, 26-27.) Canini has not raised any change or new law. Therefore, Canini cannot challenge the sufficiency of the evidence through this petition.

Canini's ineffective assistance claim with respect to his Rule 29 motion also fails. Canini argues that defense counsel was ineffective for making the argument that Canini was purchasing but not distributing heroin, rather than making the argument that Canini never took possession of the heroin on October 2, 2003. Canini has not, however, demonstrated that defense counsels decision was unreasonable. Rather, it is clear from Canini's papers that his proposed argument—that he never possessed the heroin—would have been directly contradicted by Canini's guilty plea in New York State court to a "possession" charge stemming from this same incident. (See Canini Br. 31 (discussing his guilty plea to "possession").)

Canini also fails to show prejudice. Courts, under Rule 29 and appellate standards, view the evidence in the light most favorable to the Government and enter judgments of acquittal or reverse convictions only if no rational factfinder could have found guilt beyond a reasonable doubt. See United States v. Santos, 541 F.3d 63, 70 (2d Cir. 2008); United States v. Carlo, 507 F.3d 799, 801 (2d Cir. 2007). This Court and the Second Circuit found the evidence of possession sufficient to sustain Count Three. Canini has not plausibly shown that had defense counsel pursued an alternative argument, that the results would have been different.

### F. The Sentencing Guidelines

Canini claims that the Court miscalculated his Sentencing Guidelines range by (1) adding a two point enhancement for obstruction of justice and (2) including Canini's firearm possession under his criminal history rather than as part of the instant offense. Since Canini did not raise these issues on direct appeal, he has waived his claim with respect to sentencing errors. See Kleinberg v. United States, Nos. 00 Civ. 3621, 97 CR. 114, 97 CR. 1001, 2000 WL 686213, at *2 (S.D.N.Y. May 25, 2000).

The claim cannot be resurrected by restating the claim as ineffective assistance with respect to the sentencing guidelines. With a guidelines offender level of 37 and a criminal history category of VI, Canini's guidelines range was 292-365 months. The Court imposed a sentence of 240 months well below the guidelines range. Canini has no reasonable complaint about enhancements for obstruction of justice and possession of a firearm.

### G. The Jury Charge on Count One

Canini contends that the jury charge on Count One was misleading. The phrasing he takes issue with is: "[I]f you do not find beyond a reasonable doubt that both of the objects [of the conspiracy] were proven, you must be unanimous as to the object that you do find." The

14

Second Circuit has rejected challenges to this common phrasing of the conspiracy instruction. See United States v. Rodriguez, 68 F. App'x 237, 242 (2d Cir. 2003) ("Far from constituting error, these careful instructions ensured that the jury did not conflate the various conspiratorial objectives"); see also Unites States v. Joyner, 313 F.3d 40, 48 (2d Cir. 2002). The jury statement was an accurate statement of the law. Canini does not show how defense counsel could have successfully objected to it, or that he suffered any prejudice as a result.

## CONCLUSION

For the reasons above, Canini's ineffective assistance of counsel arguments are without merit and, therefore, his petition for habeas corpus is DENIED. Since Canini has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to terminate the motion and close this case.

Dated: New York, New York
       March 12, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed To:
Ruben Canini
Reg# 55722-054,
Allenwood Federal Correctional Institution,
P.O. Box 2000
White Deer, PA, 17887